IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRAMKAT LP and FRAMESI SpA<br><br>Plaintiffs,<br><br>v.<br><br>FRAMAR INTERNATIONAL, INC.<br><br>Defendant. | Case No.<br><br>Judge<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

FramKat LP and Framesi SpA (together, "Framesi," unless otherwise indicated) bring this action for trademark infringement and unfair competition against Framar International, Inc.

### PARTIES

1. FramKat LP ("FramKat") is a limited partnership organized and existing under the laws of Pennsylvania, having an address of 17 Avenue A, Leetsdale, Pennsylvania 15056.

2. Framesi SpA is a corporation organized and existing under the laws of Italy, having an address of Strada Statale 35 dei Giovi, 20037 Paderno Dugnano MI, Italy.

3. Framesi SpA has licensed to FramKat the use of certain of Framesi SpA's trademarks and trade names, including marks and names that contain and comprise "Framesi." This license is exclusive to FramKat in the United States.

4. Defendant, Framar International, Inc. ("Framar"), is a corporation organized and existing under the laws of Canada, and is located and doing business at 7000 Kinsmen Ct., Niagara Falls, Ontario L2H 2W3, Canada.

## JURISDICTION AND VENUE

5. This is an action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*

6. This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332, and 1338.

7. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391. Framar has committed acts of trademark infringement and unfair competition in the nature of trademark infringement in this district by selling its goods in this district and elsewhere in commerce between Canada and the United States.

## FACTUAL BACKGROUND

### Framesi's Extensive and Continuous Use of the Marks in the United States

8. Framesi is and has been engaged in the development, manufacture, and sale of hair care and hair styling products, including products for coloring and maintaining color-treated hair, and has built a successful business in connection therewith.

9. Since at least as early as 1945 in Italy and 1976 in the United States, Framesi, through its predecessors in interest and title and related companies, has continuously used FRAMESI as a mark and name and as the dominant component of marks and names for its hair coloring, hair care, and hair styling products and related services and business. Examples of such use are attached as Exhibit A.

10. Since the initial use of the FRAMESI name and mark in the United States, more than forty years ago, Framesi has made a substantial investment in developing, advertising, and selling its hair coloring, hair care, and hair styling products and its related services under the FRAMESI mark.

11. Framesi SpA is the owner of U.S. Trademark Registrations Nos. 1,257,291 for F FRAMESI; 3,656,485 for FRAMCOLOR; and 1,237,908 for FRAMCOLOR FUTURA. These registrations are valid, subsisting, and incontestable. Copies of the pertinent information about each of such registrations from the U.S. Patent and Trademark Office (PTO) database showing status and title are attached collectively as Exhibit B. Framesi has employed FRAMCOLOR as the dominant portion of marks for products and product lines such as FRAMCOLOR BOLD, FRAMCOLOR 2001, FRAMCOLOR GLAMOUR, FRAMCOLOR ECLECTIC and has employed FRAMESI as the dominant portion of BY FRAMESI and FRAMESI SMOOTHING SYSTEM. Information about the use of the FRAMCOLOR marks is attached as Exhibit C.

12. Framesi has used black packaging with bright pink color patterns and wording in connection with its FRAMCOLOR ECLECTIC products and bright pink, blue, and yellow color patterns on its FRAMCOLOR ECLECTIC technical manual since at least as early as 2008.

13. The nature and extent of Framesi's use of the FRAMESI marks and name can be seen at the website www.framesiprofessional.com.

14. Framesi has extensively and continuously used, advertised, promoted, and offered products and related services using Framesi's marks to the relevant public and trade in the United States through professional trade channels since at least as early as 1976, with the result that the relevant public and trade have come to know and recognize the FRAMESI marks and name and the FRAMCOLOR marks as marks and names associated with Framesi's hair coloring, hair care, and hair styling products, and related services and business.

15. The FRAMESI marks and name and the FRAMCOLOR marks are distinctive as applied to the goods Framesi sells under such marks and the services it renders and the business it conducts under such name.

16. Framesi has built extensive goodwill in connection with the FRAMESI marks and names and the FRAMCOLOR marks for hair care, hair coloring, and hair styling products and related services and for its business.

### Framar Incursion and Infringement

17. On information and belief, Framar commenced use of "FRAMAR" as a secondary element of a design mark no earlier than 1999. It had a registration, now cancelled and of no effect, for FOIL IT FRAMAR ENTERPRISES and design (U.S. Registration No. 2,392,305), and has a registration for FOIL IT FRAMAR INTERNATIONAL INC. and design (U.S. Registration No. 3,597,047) which issued March 31, 2009 with a claimed first date of use of August 1, 2005 in connection with aluminum foil wrappers for coloring or highlighting hair. A printout of the information from the U.S. Patent and Trademark Office database showing the title and status of the registrations is attached as Exhibit D.

18. Framar has only recently expanded its product offerings in the United States, as announced on its website and on YouTube via a video entitled "Framar Launches America Wide" posted no earlier than February 2, 2017. The use of the FRAMAR mark has expanded beyond the foil wrappers identified in the '047 registration and now has been extended in the United States to such other products as hair clips, color mixing bowls, gloves, and brushes for applying color. Evidence of the new launch of FRAMAR products into the United States is attached as Exhibit E.

19. Framar's newly expanded product offerings in the United States are accompanied by a new and significantly different mark in which FRAMAR is no longer a secondary element but rather is the focal point of the mark, such that FRAMAR is positioned to attract attention in connection with hair coloring accessories. This expanded use of FRAMAR is displayed on

products in black packaging with bright color patterns. Examples of such use are attached as Exhibit F.

20. The activity of Framar which is the subject of this Complaint consists of Framar's recent change in the mark and the goods from the FRAMAR element being secondary and limited to foil wrappers to the FRAMAR element being dominant and used on a wide range of new products for hair coloring and highlighting including color mixing bowls, gloves, brushes for applying color, and hair clips. This is coupled with a recent change in the manner and extent of Framar's marketing of such goods in the United States, all commenced long after the first use in the United States and registration of the FRAMESI and FRAMCOLOR marks of Framesi and use of the Framesi name.

21. Framar has advertised, offered for sale, and sold hair coloring accessories and tools for the professional hair care market using the FRAMAR mark and name in this district and elsewhere, through the same professional trade channels as are employed by Framesi.

22. Framar is not licensed or authorized by Framesi to offer, advertise, or sell hair coloring products, including hair coloring accessories and tools, using FRAMAR or any mark or name featuring as the first and dominant element FRAM- .

23. Framesi, on becoming aware of the newly expanded use of FRAMAR as a mark and name in the United States and the expanded product offerings by Framar as shown in Exhibits E and F, wrote Framar on March 15, 2017 and requested that Framar cease use of FRAMAR or any mark that begins with FRAM- as a mark and name and component of a mark and name in the United States Framar, through counsel, responded on April 12, 2017. On April 28, 2017, Framesi again requested that Framar cease use of FRAMAR or any mark or name beginning with FRAM. Framar has made no response to this letter. As of the date of this filing,

Framar continues to offer hair coloring accessories and tools under the mark and name FRAMAR.

## COUNT I – AGAINST FRAMAR
## TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114

24. The allegations of the preceding paragraphs of the Complaint are incorporated by reference.

25. This is a claim for trademark infringement of Framesi's federally registered trademarks in violation of 15 U.S.C. § 1114.

26. The use of FRAMAR by Framar is use of a mark and name which is likely to cause confusion with Framesi's registered FRAMESI and FRAMCOLOR marks as to the source of the goods and related services and as to Framar's affiliation with or sponsorship by Framesi.

27. Framar's FRAMAR mark and name incorporate the predominant and initial element FRAM- followed by a vowel, differing from FRAMESI only in the suffix "-ar" instead of "-esi." Neither FRAMAR nor FRAMESI has an obvious denotation, and FRAMESI is a fanciful mark with no meaning in Italian.

28. Framar's FRAMAR mark and name also incorporate the predominant and initial element FRAM- from Framesi's FRAMCOLOR marks and both end in -R. The similarities between the marks are only magnified based on the presence of Framesi's COLOR element in addition to the common FRAM- element because both FRAMAR and FRAMCOLOR are used in connection with products related to the hair coloring process.

29. The hair coloring accessories and tools sold by Framar under its FRAMAR mark, such as brushes, foils, gloves, and mixing bowls, are closely related to the products sold in connection with the FRAMESI and FRAMCOLOR marks, since Framesi sells hair coloring dyes and hair coloring brushes, as well as hair care and styling products specifically for use with

color-treated hair, in addition to providing related instructional and consulting services for colorists.

30. Framar's goods offered under its FRAMAR mark and name and Framesi's goods and related services are offered to overlapping classes of customers in overlapping markets through overlapping channels of trade.

31. Members of the relevant public and trade are accordingly likely, on seeing Framar's FRAMAR mark and name in connection with hair coloring tools and accessories, to assume that the goods are offered by or under license from or in affiliation with Framesi.

32. Use of FRAMAR by Framar accordingly violates Framesi's rights in the registered FRAMESI and FRAMCOLOR marks.

33. Framesi cannot control the nature or quality of the goods sold under the FRAMAR mark and name, and the continued use of such mark and name deprives Framesi of control over its reputation and goodwill and accordingly irreparably damages Framesi and the goodwill Framesi has established for the registered FRAMESI and FRAMCOLOR marks and its Framesi name.

34. The continued use of FRAMAR by Framar is willful and in bad faith.

35. Framesi has no adequate remedy at law.

### COUNT II – AGAINST FRAMAR
### UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)

36. The allegations of the preceding paragraphs of the Complaint are incorporated by reference.

37. This is a claim for unfair competition in the nature of trademark infringement in violation of 15 U.S.C. § 1125(a).

38. Framar's FRAMAR mark and name complained of herein, as used, are confusingly similar to the FRAMESI marks and name and FRAMCOLOR marks of Framesi in sound, appearance, and commercial impression. Such use unlawfully exploits the commercial value Framesi has developed in the FRAMESI marks and name and FRAMCOLOR marks, and is likely to cause confusion, or to cause mistake, or to deceive as to Framar's affiliation or association with Framesi and as to the sponsorship or approval of Framar's goods by Framesi.

39. The FRAMAR mark and name incorporate the predominant and initial element FRAM- followed by a vowel, differing only by the suffix "-ar" instead of "-esi." The difference in suffix does nothing to obviate the close similarity between the parties' marks and names, especially since Framesi is known as a provider of hair coloring dyes and related hair care and hair styling products for color-treated hair.

40. Framar's FRAMAR mark and name also incorporate the predominant and initial element FRAM- from Framesi's FRAMCOLOR marks, and both end in -R. The similarities between the marks is magnified based on the presence of Framesi's COLOR element in addition to the FRAM- element because both FRAMAR and FRAMCOLOR are used in connection with products related to hair coloring.

41. Framar's use of its mark in combination with black packaging with bright color patterns is confusingly similar to the black packaging with bright pink and multi-color patterns used in connect with Framesi's FRAMCOLOR ECLECTIC line of products. Such use by Framar unlawfully exploits the commercial value Framesi has developed in the FRAMCOLOR ECLECTIC trade dress and is likely to cause confusion, or to cause mistake or to deceive as to Framar's affiliation or association with Framesi and as to the sponsorship or approval of Framar's goods by Framesi.

42. The hair coloring accessories and tools sold by Framar under its FRAMAR mark such as brushes, foils, gloves, and mixing bowls are closely related to the goods sold and related services provided in connection with the FRAMESI marks and name and FRAMCOLOR marks, since Framesi sells hair coloring dyes and hair coloring brushes, as well as hair care and styling products specifically for use with color-treated hair, in addition to providing related instructional and consulting services for colorists.

43. Framar's goods offered under its FRAMAR mark and name and Framesi's goods and related services offered under its FRAMESI marks and name and FRAMCOLOR marks are offered to overlapping classes of customers in overlapping markets through overlapping channels of trade.

44. Framar's use of the FRAMAR mark and name in connection with its hair coloring accessories and tools is likely to cause and is causing Framesi substantial and irreparable injury, depriving Framesi of the right to control the use of the FRAMESI marks and name and FRAMCOLOR marks and to determine the manner in which the FRAMESI marks and name and FRAMCOLOR marks are represented to the general public.

45. Framar's use of the FRAMAR mark and name in connection with hair coloring accessories is willful and in bad faith.

46. Framesi has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs FramKat LP and Framesi SpA respectfully request that this Court:

1. Enter judgment in their favor and against Framar on the Complaint;

2. Permanently enjoin and restrain Framar, its agents, employees and all other persons in active concert or participation with Framar and that receive actual notice of this injunction from:

   a) Use of the FRAMAR mark and name, and any mark or name which contains or comprises "FRAM-" as the dominant element on and in connection with hair coloring products, accessories and tools and in connection with any online activity or social media accounts; and

   b) Use of the FRAMAR mark and name and any mark or name which contains or comprises "FRAM-" as the dominant element on or in connection with black packaging with bright color patterns arbitrarily disposed; and

   c) Engaging in any other conduct that causes, or is likely to cause, confusion, mistake, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of their services with Framesi, Framesi's goods or services or business, or its FRAMESI and FRAMCOLOR marks and its Framesi name.

3. Order an accounting against Framar for all profits received from the sale of goods in the United States, under any mark and name which features the term FRAMAR;

4. Award Plaintiffs their attorneys' fees and costs pursuant to 15 U.S.C. § 1117; and

5. Grant Plaintiffs such further relief as this Court deems just and appropriate.

Dated: August 22, 2017

Respectfully submitted,

ECKERT SEAMANS CHERIN
& MELLOTT, LLC

*/s/ Kevin P. Allen*
Timothy P. Ryan
tryan@eckertseamans.com

Kevin P. Allen
kpallen@eckertseamans.com

600 Grant St., 44th Floor
Pittsburgh, Pennsylvania 15219
Phone: (412) 566-6866
Fax: (412) 566-6099

*Attorneys for Plaintiffs*